UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| JOHNNY WALTON, ) | Case No. 07-41086-293 |
| ) | Chapter 7 |
| ) | Motion No. 7 |
| Debtor. ) | (Unpublished) |

**O R D E R**

This case is before the Court on Debtor's request, pursuant to 11 U.S.C. §109(h)(3)(A), to waive the pre-petition consumer credit counseling requirement contained in 11 U.S.C. §109(h)(1). The Court will grant Debtor's request.

Debtor is currently incarcerated at the Jefferson City Correction Center. His term of incarceration expires in March 2017. The State of Missouri filed a petition for incarceration reimbursement against Debtor pursuant to Missouri's Incarceration Reimbursement Act, Mo. Rev. Stat. §§217.825 to 217.841. The State's petition to proceed against Debtor's qualified Individual Retirement Account (the "IRA") was set for hearing in State Court on February 26, 2007.

Debtor filed his petition for relief under Chapter 7 of the Code on February 23, 2007. Five days prior to filing his petition for relief, Debtor attempted to obtain the mandatory credit counseling by telephone. Debtor was allowed only a one-half hour

phone conversation. The credit counseling agency placed Debtor on hold for twenty-five minutes. Debtor, therefore, was unable to complete the credit counseling session.

Debtor is only allowed one phone call per month, which he must purchase by a phone card. Since the Debtor does not have internet access, he cannot complete the credit counseling via the internet.

Debtor has filed a certification of exigent circumstances, asking the Court to exempt him for the mandatory pre-petition credit counseling requirement. The Court is satisfied that Debtor's certification sufficiently describes exigent circumstances that warrant the exemption for the following reasons.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") recites that a person is not eligible to be a debtor under the Code unless the person has completed a credit counseling course within the 180 days before filing the petition for relief. 11 U.S.C. §109(h)(1). BAPCPA, however, allows a court to exempt the debtor from obtaining the pre-petition counseling if the Debtor submits a certification that: (1) sufficiently describes exigent circumstances that merit a waiver of the briefing requirement; (2) states that the debtor requested credit counseling services from an approved agency but was unable to obtain the services within five days of the request; and (3) is satisfactory to the Court. 11 U.S.C. §§109(h)(3)(A)(i)-(iii); In re Hedquist, 342 B.R. 295, 298 (B.A.P. 8th Cir. 2006). The third element

does not contain a substantive requirement, but merely directs the court to make an independent inquiry into whether the certification meets the first two elements. In re Dixon, 338 B.R. 383, 387 (B.A.P. 8th Cir. 2006).

Here, Debtor faced the possibility that the State would administer upon his IRA in the State Court hearing set for February 26. If the State obtained an order allowing it to administer on the IRA under Missouri's Incarceration Reimbursement Act, the general Missouri exemptions would not have protected Debtor's interest in the IRA. See State ex. rel. Nixon v. Overmyer, 189 S.W.3d 711, 718 (Mo. Ct. App. 2006). The Court finds that these circumstances are exigent and merit a waiver of the pre-petition consumer credit counseling requirement.

Concerning the second substantive element, Debtor states in his certification that he attempted to obtain the mandatory pre-petition credit counseling. In fact, he actually placed a call to a credit counseling agency to obtain the counseling, but was unable to obtain the counseling because the agency placed him on hold for twenty-five minutes. Debtor additionally recites that he cannot make another call to the agency for a month due to prison rules. Given these facts, the Court finds that Debtor did in fact attempt to obtain the credit counseling but was unable to do so within five days of the request.

In conclusion, the Court is satisfied that Debtor's certification meets the

statutory requirement for an exemption contained in 11 U.S.C. §109(h)(3)(A).  The Court notes, however, that this exemption will expire thirty days from the petition date.  11 U.S.C. §109(h)(4).  And the Court, for cause shown, can only extend this deadline an additional fifteen days beyond the thirty days.  Id.

Accordingly,

**IT IS HEREBY ORDERED that** Debtor's Certificate of Exigent Circumstances (Motion No. 7) is **GRANTED**.

DATED:  March 5, 2007
St. Louis, Missouri

David P. McDonald
United States Bankruptcy Judge

Copy mailed to:

Johnny Walton
Jefferson City Correctional Center
Jefferson City, MO 65101

Charles E. Kirksey, Jr.
Bell-Kirksey & Associates
3690 Forest Park Ave.
St. Louis, MO 63108

David A. Sosne
Summers, Compton, Wells & Hamburg, P.C.
8909 Ladue Rd.
St. Louis, MO 63124

Office of U.S. Trustee
111 South Tenth Street
Suite 6353
St. Louis, MO 63102